**SIERRA CLUB, Petitioner**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent**

American Petroleum Institute, et al., Intervenors for Respondent

No. 15-1133
September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

Filed on: November 4, 2016

Nathan Matthews, Sierra Club, Oakland, CA, Moneen Susan Nasmith, Attorney, Earthjustice, New York, NY, for Petitioner.

Carol Jayne Banta, Karin Lea Larson, Attorneys, Robert Harris Solomon, Esquire, Solicitor, Federal Energy Regulatory Commission, (FERC) Office of the Solicitor, Washington, DC, for Respondent.

Stacy Renee Linden, American Petroleum Institute, Catherine Emily Stetson, Esquire, Hogan Lovells US LLP, Benjamin Norris, IV, American Petroleum Institute, Washington, DC, for Intervenor for Respondent American Petroleum Institute.

Jonathan Saul Franklin, Norton Rose Fulbright US LLP, Washington, DC, Charles Russell Scott, Lisa M. Tonery, Attorneys, Norton Rose Fulbright US LLP, New York, NY, for Intervenors for Respondent Cheniere Corpus Christi Pipe-

line, LP and Corpus Christi Liquefaction, LLC.

BEFORE: Brown, Millett, and Wilkins, Circuit Judges.

## JUDGMENT

Per Curiam

This petition was considered on the record from the Federal Energy Regulatory Commission and was briefed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

ORDERED AND ADJUDGED that the petition for review be denied. This Court has explicitly rejected Petitioner's arguments regarding the Commission's consideration of the Corpus Christi projects' indirect and cumulative effects under the National Environmental Policy Act ("NEPA"). Regarding the indirect effects of natural gas exports, "the Commission's NEPA analysis did not have to address the indirect effects of the anticipated *export* of natural gas … because the Department of Energy, not the Commission, has sole authority to license the export of any natural gas." *Sierra Club v. FERC*, 827 F.3d 36, 47 (D.C. Cir. 2016). As to the cumulative effects, "[a] NEPA cumulative-impact analysis need only consider the effect of the current project[s] along with any other past, present or likely future actions *in the same geographic area* as the project[s] under review." *Id.* at 50. This is exactly what the Commission did in this case, so it did not err.

Additionally, the Commission did not violate the hard look doctrine. This Court will uphold an agency's discussion of alternatives "so long as the alternatives are reasonable and the agency discusses them in reasonable detail." *Citizens Against*

*Burlington, Inc. v. Busey*, 938 F.2d 190, 196 (D.C. Cir. 1991). Here, the Commission reasonably concluded electric motors were not an appropriate alternative because they would result in additional environmental impacts, raised reliability concerns, and were unnecessary to meet the EPA's air quality standards. Thus, the Commission did not violate the hard look doctrine.

Finally, Petitioner's arguments regarding greenhouse gas emissions have no merit. This Court has already considered and rejected identical arguments relating to the social cost of carbon. *See EarthReports, Inc. v. FERC*, 828 F.3d 949, 956 (D.C. Cir. 2016). The same is true of Petitioner's arguments for using the projects' consistency with federal greenhouse gas emission reduction goals as a tool. This argument simply restates Petitioner's arguments regarding cumulative impacts, which this Court has rejected. *Sierra Club*, 827 F.3d at 50; *see also WildEarth Guardians v. Jewell*, 738 F.3d 298, 309–11 (D.C. Cir. 2013).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for hearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. RULE 41.